IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REACTOR SERVICES INTERNATIONAL, INC., ) ) | |
| Plaintiff ) | C.A. No. 19-205 Erie |
| ) | |
| v. ) | |
| ) | District Judge Susan Paradise Baxter |
| UNITED REFINING COMPANY, ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

## I.  BACKGROUND

Plaintiff Reactor Services International, Inc., a corporation organized and existing under the laws of the State of Texas, initiated this action by filing a complaint on July 18, 2019, against Defendant United Refining Company, a corporation organized and existing under the laws of the Commonwealth of Pennsylvania. The action arises from a contract for the purchase and sale of goods that was entered between the parties on September 1, 2017. Plaintiff seeks to recover amounts totaling in excess of $612,000 for additional work it performed under written change orders to the contract. Plaintiff's complaint contains four counts: Count I - Breach of Contract; Count II - Account Stated; Count III - Unjust Enrichment; and Count IV - Fraud.

Now pending before the Court is Defendant's motion to dismiss Counts II, III, and IV of Plaintiff's complaint [ECF No. 5]. Plaintiff has since filed a brief in opposition to Defendant's motion [ECF No. 10]. This matter is ripe for consideration.

## II. DISCUSSION

### A. Count II – Account Stated

Plaintiff alleges that "[o]n June 8, 2018, a representative of URC sent an email to RSI in which URC agreed that it owed RSI at least $339,495.00" (ECF No. 1, at ¶16). Based on this alleged admission, Plaintiff seeks an Order in its favor in the amount of $339,945.00, plus any amount proven at trial in excess of $339,945.00. Defendant seeks dismissal of this Count, arguing that Plaintiff's allegation intentionally mischaracterizes the content of the email to which it refers and, thus, improperly asserts an "account stated" in violation of Federal Rule of Evidence 408. The Court agrees.

"An 'account stated' is an account in writing that has been 'examined and accepted by both parties.'" MAP Refrigeration, Inc. v. New Albertsons, L.P., 2019 WL 7049015 at *3 (E.D.Pa. Dec. 20, 2019), quoting Leinbach v. Wolle, 61 A. 248, 248 (Pa. 1905). To establish an account stated, Plaintiff must show that a balance was struck 'in such circumstances as to import a promise of payment on the one side and acceptance on the other'. U.S. v. A.S. Kreider Co., 313 U.S. 443, 448 (1941), quoting R. H. Stearns Co. v. United States, 291 U.S. 54, 65 (1934).

Here, the email upon which Plaintiff bases its claim is attached to the complaint as Exhibit C [ECF No. 1-4]. In this email, Defendant acknowledged Plaintiff's performance of additional/out of scope work and "offer[ed] $339,945.00 for the accepted work performed as final payment for this contract" (Id.). The email also requested that Plaintiff "advise as to your acceptance of this offer …." (Id.). This language clearly evidences that Defendant was not admitting that it owed Plaintiff the sum of $339,945.00, but was merely making an offer to compromise the entire balance of Plaintiff's account, which was apparently not accepted by

Plaintiff. As a result, Plaintiff has failed to state a claim of "account stated" upon which relief may be granted, and such claim will be dismissed.

    **B.**    **Count III - Unjust Enrichment**

The Third Circuit has recognized that unjust enrichment is an equitable, quasi-contractual doctrine that is "'inapplicable when the relationship between the parties is founded on a written agreement or express contract.'" Cook v. General Nutrition Corp., 749 Fed. Appx. 126, 129 (3d Cir. 2018), quoting Benefit Tr. Life Ins. Co. v. Union Nat. Bank of Pittsburgh, 776 F.2d 1174, 1177 (3d Cir. 1985). Thus, "[a] plaintiff may plead a claim for unjust enrichment in the alternative to a breach of contract claim 'only when the validity of the contract itself is actually disputed, making unjust enrichment a potentially available remedy.'" Corsale v. Sperian Energy Corp., 374 F. Supp. 3d 445, 458 (W.D. Pa. 2019), quoting Grudkowski v. Foremost Ins. Co., 556 Fed. App'x 165, 170 n.8 (3d Cir. 2014).

Here, Defendant notes that "there is no dispute that the agreement between Plaintiff and Defendant is a valid and enforceable contract" (ECF No. 6, at p. 6). Thus, Defendant argues that Plaintiff's unjust enrichment claim is unfounded. However, the agreement(s) at issue here appear to be the change orders pursuant to which Plaintiff performed the additional work and for which it seeks compensation. While Defendant asserts that "even the change orders and authorizations are asserted to be written changes to the agreement" (ECF No. 6, at p. 5), Plaintiff alleges that the change orders authorized it to perform "additional work beyond the scope of the Contract" (ECF No. 1, at ¶¶ 10-12). Thus, there may still be a dispute as to the validity or enforceability of these change orders, separate and apart from the underlying contract. At this stage of the proceedings it is unclear to the Court whether the change orders for which Plaintiff seeks

3

compensation were part of the original contract between the parties, which is not in dispute, or would be considered separate agreements that may be in dispute.

Therefore, while Defendant is correct that an unjust enrichment claim is generally inconsistent with a breach of contract claim, under the circumstances of this case, Plaintiff will be allowed to plead both claims in the alternative at this stage in the proceedings. See, MAP Refrigeration, Inc. v. New Albertsons, L.P., 2019 WL 7049015 at *4 (E.D. Pa. Dec. 20, 2019), citing Fed. R. Civ. P. 8(d)(2) (stating that a party may set out two or more statements of a claim alternatively); Century Indem. Co. v. URS Corp., 2009 WL 2446990, at *5 (E.D. Pa. Aug. 7, 2009) ("A claim of unjust enrichment may, however, 'be pled in the alternative to a breach of contract claim, although the finding of a valid contract would prevent a party from recovering under an unjust enrichment theory.'" quoting Cornell Co. v. Borough of New Morgan, 512 F. Supp. 2d 238, 266 (E.D. Pa. 2007)); Sheinman Provisions, Inc. v. Nat'l Deli, 2008 WL 2758029, at *4 (E.D. Pa. July 15, 2008) (plaintiffs are permitted "to pursue alternative theories of discovery [under Rule 8(d)(2)] based on breach of contract and unjust enrichment, even where the existence of a contract would preclude recovery for unjust enrichment.").

### C. Count IV – Fraud

Plaintiff alleges that Defendant falsely represented that it would pay for additional work that was performed outside the scope of the contract between the parties, with the purpose of inducing Plaintiff to perform the out-of-scope work, and that Plaintiff relied upon Defendant's representation to its detriment. Defendant seeks dismissal of this claim, arguing that it fails to state a claim of fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure. Specifically, Defendant points out that Plaintiff fails to claim who made the alleged representations on behalf of Defendant, when such representations were made, or what the

4

contents of the alleged representations were. In addition, Defendant contends that Plaintiff's fraud claim is barred by Pennsylvania's "gist of the action" doctrine.

Addressing the latter argument first, "the gist of the action doctrine provides that a tort claim 'based on [a] party's actions undertaken in the course of carrying out a contractual agreement, is barred when the gist or gravamen of the cause of action ... although sounding in tort, is, in actuality, a claim against the party for breach of its contractual obligations.'" Downs v. Andrews, 639 F. App'x 816, 819 (3d Cir. 2016), quoting Bruno v. Erie Ins. Co., 106 A.3d 48, 53 (Pa. 2014). To evaluate whether the gist of the action doctrine applies, a court must identify the duty breached, because "the nature of the duty alleged to have been breached ... [is] the critical determinative factor in determining whether the claim is truly one in tort, or for breach of contract." Bruno, 106 A.3d at 68. "In this regard, the substance of the allegations comprising a claim in a plaintiff's complaint are of paramount importance, and, thus, the mere labeling by the plaintiff of a claim as being in tort ... is not controlling." Id.

Here, it is plain from Plaintiff's allegations that its fraud claim is based upon Defendant's alleged misrepresentations that supposedly induced Plaintiff to perform additional work outside the scope of the parties' original contract. Thus, it cannot be said that this claim is based on a contractual breach; rather, it is founded in tort. So, Plaintiff's fraud claim is not subject to the bar of the gist of the action doctrine.

As to Defendant's argument that Plaintiff's fraud allegations lack the particularity required by Fed.R.Civ.P. 9(b), "the Third Circuit has cautioned against focusing too narrowly on Rule 9(b)'s particularity language." Mendelsohn, Drucker & Associates v. Titan Atlas Mfg., Inc., 885 F. Supp. 2d 767, 786-87 (E.D. Pa. 2012), citing Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir.1984)). "Instead, a court should focus on whether the

5

complaint 'adequately describes the nature and subject of the alleged misrepresentation."
Mendelsohn, 885 F. Supp. 2d at 786-87, citing Seville, 742 F.2d at 79. Here, although Plaintiff's allegations lack the "who, what, and when" involved in the alleged representation, they sufficiently establish the contours of a fraudulent inducement claim with enough particularly to comply with Rule 9(b).[1]

An appropriate Order follows.

---

[1] "'The elements of fraud in the inducement are as follows: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance.'" Vacation Charters, Ltd. v. Textron Fin. Corp., No. 3:14-CV-2083, 2016 WL 354094, at *15 (M.D. Pa. Jan. 28, 2016), quoting Eigen v. Textron Lycoming Reciprocating Engine Div., 2005 PA Super 141, ¶ 18, 874 A.2d 1179, 1185 (2005) (citation omitted).